IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AUG 3 1 2009

| | |
|---|---|
| BERNARDO SUAREZ LIZARZU and<br>VALERIANO BARRIONUEVO, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No. 1:08cv0858 (TSE/JFA) |
| | ) |
| TITO RICARDO VALLEJOS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the Court on plaintiffs' motion for default judgment pursuant to

Fed. R. Civ. P. 55(b)(2). (Docket no. 43). Plaintiffs Bernardo Suarez Lizarzu ("Lizarzu") and

Valeriano Barrionuevo ("Barrionuevo") (collectively "plaintiffs") seek a default judgment

against the defendants Tito Ricardo Vallejos and Roman Vallejos (the "Individual Defendants"),

and TJ Brothers Construction, LLC, R&V Contractor, LLC and RV Construction, LLC (the

"Corporate Defendants") (collectively "defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the

undersigned magistrate judge is filing with the Court his proposed findings of fact and

recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On August 20, 2008, plaintiffs filed their complaint alleging that defendants failed to pay

them minimum wages, overtime, and the promised wages for the labor and services they

rendered in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and

breach of contract. (Docket no. 1). In the complaint plaintiffs seek the entry of a judgment in

their favor for nonpayment of minimum wages and for the overtime that they worked, as well as

an equal amount in liquidated damages, as authorized by 29 U.S.C. § 216. They also seek a

judgment in their favor for breach of contract and awarding them unpaid wages under their

employment contracts, the costs of this action, and reasonable attorney's fees. (Docket no. 1).

On August 21, 2008, summonses were issued and given to counsel for plaintiffs for

service on the defendants. (Docket no. 2). Each summons was returned executed. (Docket nos.

6-8, 12-13). On October 10, 2008 plaintiffs filed a motion to withdraw the summonses returned

as to each Corporate Defendant on account of an error. (Docket no. 9). In their motion,

plaintiffs requested that the three summonses be reissued, and noticed the motion for hearing on

October 24, 2008. (*Id.*). On October 24, 2008, the Court issued an order granting the plaintiffs'

motion, directing the Clerk to withdraw the summonses returned for the Corporate Defendants,

and to reissue each summons at the request of counsel. (Docket no. 14). Alias summonses were

issued and given to counsel for plaintiffs for service on the Corporate Defendants on October

28, 2008. (Docket no. 15). On November 12, 2008 the State Corporation Commission filed

certificates of compliance with regard to service upon each of the Corporate Defendants.

(Docket nos. 16-18). In accordance with Fed. R. Civ. P. 12(a), responsive pleadings from the

Corporate Defendants were due on December 2, 2008, 20 days after the certificate of

compliance were filed with the Court .

On October 21, 2008 the Court received a letter from an individual named Tito Vallejos,

indicating that he was not the Tito Ricardo Vallejos named in this lawsuit, that Tito Ricardo

Vallejos was his cousin, and defendant Roman Vallejos was his brother. He claimed that both

of those defendants were in Bolivia. (Docket no. 11). On October 22, 2008 the summonses as

to the Individual Defendants were returned executed indicating that Tito Ricardo Vallejos and

Roman Vallejos were both served by leaving a copy at their dwelling or usual place of abode

2

with an individual, Limber Almaraz, who resided there and was of suitable age and discretion. (Docket nos. 12-13). The summonses and complaints were served at an address in Berlin, Maryland on September 6, 2008. (*Id.*). In accordance with Fed. R. Civ. P. 12(a), responsive pleadings from the Individual Defendants were due on September 26, 2008, 20 days after service of the initial summonses and complaints.

No defendant filed a responsive pleading in a timely manner and on December 29, 2008 the Honorable T.S. Ellis, III entered an order referring this matter to the undersigned magistrate judge for default proceedings, and scheduling this matter for a status conference, or if appropriate, an *ex parte* damages hearing, on January 30, 2009 at 10:00 a.m. (Docket no. 19). On January 8, 2009 plaintiffs filed a request for entry of default. (Docket no. 21). The Clerk of Court entered default against the defendants pursuant to Fed. R. Civ. P. 55(a) on January 9, 2009. (Docket no. 22). On January 16, 2009 plaintiffs filed a motion for default judgment as to all defendants and noticed it for a hearing on February 27, 2009.[1] (Docket nos. 23, 24). In support of their motion for default judgment plaintiffs submitted a memorandum and declarations from Bernardino Suarez Lizarzu and Valeriano Barrionuevo. (Docket no. 23, Exs. A, B). On February 24, 2009 each plaintiff filed a motion to amend/correct his motion for default judgment. (Docket nos. 28, 29). On February 25, 2009 plaintiffs set both of those motions for a hearing on February 27, 2009. (Docket no. 31). On February 27, 2009 this matter was called in open Court and counsel for plaintiffs appeared and no one appeared on behalf of any defendant. (Docket no. 33). At that hearing, the Court expressed concern over the manner

---

[1] Counsel for plaintiffs requested permission to notice the hearing on their motion for February 27, 2009 instead of the January 30, 2009 date set by this Court's order of December 29, 2008. Permission was granted by an order dated January 23, 2009. (Docket no. 27).

of service of process on the Individual Defendants, and requested that counsel report back to chambers regarding the status of such service. (Docket no. 34). Upon hearing from counsel, the undersigned magistrate judge determined that service on the Individual Defendants was not proper, and ordered the Clerk to reissue summonses as to the Individual Defendants upon the request of plaintiffs' counsel. (*Id.*). On March 12, 2009 the Clerk issued alias summonses for the Individual Defendants and gave them to plaintiffs' counsel for service. (Docket no. 35). On May 29, 2009 the Secretary of the Commonwealth filed certificates of compliance as to Tito Ricardo Vallejos and Roman Vallejos. (Docket nos. 36-37). In accordance with Fed. R. Civ. P. 12(a), responsive pleadings from the Individual Defendants were due on June 18, 2009, 20 days after the certificates of compliance were filed with the Court.

On July 9, 2009 plaintiffs filed a request for entry of default as to the Individual Defendants. (Docket no. 38). On July 21, 2009 plaintiffs filed an amended affidavit in support of their request for entry of default. (Docket no. 40). On July 22, 2009 the Clerk of the Court entered default as to the Individual Defendants in this matter. (Docket no. 41). On July 23, 2009 the Honorable T.S. Ellis, III entered an order directing plaintiffs to file a motion for default judgment and accompanying memorandum, and to set the matter for a hearing on August 21, 2009. (Docket no. 42). On July 27, 2009 plaintiffs filed a motion for default judgment as directed, and noticed it for a hearing on August 21, 2009. (Docket nos. 43, 45). On July 28, 2009 Curtis Howard, a process server, filed an affidavit as to each of the Individual Defendants indicating that the address for service was vacant, that neighbors were unable to provide any further information, and checking a box, "moved, left no forwarding." (Docket nos. 46, 47). A copy of the July 23, 2009 order mailed to Roman Vallejos was returned to the Clerk of the Court as undeliverable, moved, left no address, unable to forward. (Docket no. 48).

4

On August 19, 2009 the undersigned magistrate judge entered an order denying as moot the plaintiffs' previously filed motion for default judgment (Docket no. 23), and motions for leave to amend (Docket nos. 28, 29) on the grounds that a superseding motion for default judgment had been filed. (Docket no. 49). This matter was called again in open Court on August 21, 2009. Counsel for plaintiffs appeared before the Court, and no one appeared on behalf of any defendant.

## Factual Background

The following facts are established by the complaint (Docket no. 1), the amended affidavit of Andres Colon ("Colon Affid.", Docket no. 43, Ex. 8), declaration of Bernardino Suarez Lizarzu ("Lizarzu Decl.", Docket no. 43, Exs. A, 1A) and declaration of Valeriano Barrionuevo ("Barrionuevo Decl.", Docket no. 43, Exs. B, 1B) submitted in support of the motion for default judgment (Docket no. 43). Plaintiffs Lizarzu and Barrionuevo are adult residents of the Commonwealth of Virginia. (Compl. ¶¶ 3, 4). Defendants Tito Ricardo Vallejos and Roman Vallejos are adult residents of the Commonwealth of Virginia. (Compl. ¶¶ 5, 6). Defendant TJ Brothers Construction, LLC is a Virginia corporation doing business in Virginia and Maryland. (Compl. ¶ 8). Defendant R&V Contractor, LLC is a forfeited Virginia corporation doing business in Virginia and Maryland. (Compl. ¶ 9). Defendant RV Construction, LLC is a Virginia corporation doing business in Virginia and Maryland. (Compl. ¶ 10).

Defendants are subcontractors who contract to apply exterior wall coatings to buildings, and have worked on various such contracts throughout Virginia. (Compl. ¶ 11). At all times relevant to this action, each defendant was an employer or joint employer of each plaintiff within the meaning of the FLSA. (Compl. ¶ 12). Each defendant, or his or its agent, controlled

5

each plaintiff's work schedule and location, assigned job tasks, supervised plaintiffs' job

performance, and received the benefit of plaintiffs' labor. (*Id.*). Each plaintiff perceived

defendants to be his employers. (*Id.*).

**Plaintiff Bernardino Suarez Lizarzu**

In early October 2006, defendant Tito Vallejos offered to employ Lizarzu to perform

construction work at a rate of fourteen dollars ($14.00) an hour. (Compl. ¶ 16). Based upon

that rate of pay, the applicable overtime rate would be twenty-one dollars ($21.00) an hour.

(*Id.*). Lizarzu accepted Tito Vallejos' offer. (Compl. ¶ 17). Lizarzu was employed by

defendants for approximately eleven (11) weeks, from early October 2006 through December

22, 2006. (Compl. ¶ 18). Lizarzu worked during that time as a construction worker installing

exterior finishes to hotels located in Norfolk, Virginia. (*Id.*). During that time, Lizarzu typically

worked six (6) days a week, and between forty (40) and sixty (60) hours per week. (Compl. ¶

19). The Individual Defendants both directly and indirectly supervised Lizarzu's work.[2]

(Compl. ¶ 20). During the first seven weeks of his employment, Lizarzu's regular payday was

Friday. (Compl. ¶ 21). His wages were paid in cash, and were not accompanied by an itemized

statement showing the date of payment, gross wages paid, deductions from and additions to

wages, net wages paid, or hours worked during the pay period. (*Id.*). During the last four weeks

of his employment, defendants did not pay Lizarzu any wages. (Compl. ¶ 22). Over the entire

---

[2] Paragraph 20 of the complaint alleges that defendants Tito Vallejos and Roman Vallejos directly and indirectly supervised plaintiff Barrionuevo's work. That paragraph falls under a section headed "Plaintiff Bernardino Suarez Lizarzu." Every other paragraph under that heading contains allegations solely referencing Lizarzu. As a result, it appears that the reference to Barrionuevo in paragraph 20 is a typographical error, and that paragraph should have referenced Lizarzu.

course of his employment, defendants did not pay Lizarzu overtime wages, equal to time and one half (½) of his regular rate, for hours he worked in excess of forty (40) during each work week. (Compl. ¶ 23). Defendants have not paid Lizarzu all the wages he is owed, including minimum and overtime wages, for hours worked while he was employed by defendants. (Compl. ¶ 24). Between December 2006 and January 2007 Lizarzu contacted defendants multiple times by telephone and in person to demand payment of his wages. (Compl. ¶ 25). Although Tito Vallejos initially agreed to pay the wages owed, he later refused. (*Id.*). Since May 2007 Tito Vallejos has not returned any of Lizarzu's telephone calls. (*Id.*).

**Plaintiff Valeriano Barrionuevo**

In early October 2006 Tito Vallejos offered to employ Barrionuevo to perform construction work at a rate of fifteen dollars ($15.00) an hour. (Compl. ¶ 26). Based upon that rate of pay, the applicable overtime time rate would be twenty-two dollars and fifty cents ($22.50) an hour.[3] (*Id.*). Barrionuevo accepted Tito Vallejos' offer. (Compl. ¶ 27). Barrionuevo was employed by defendants for approximately twenty (20) weeks, from early October 2006 through early February 2007. (Compl. ¶ 28). Barrionuevo worked during that time as a construction worker installing exterior finishes to hotels located in Norfolk, Virginia. (*Id.*). The Individual Defendants both directly and indirectly supervised Barrionuevo's work. (Compl. ¶ 29). During the time he was employed by defendants, Barrionuevo typically worked six (6) days a week, and between forty (40) and sixty (60) hours per week. (Compl. ¶ 30).

---

[3] Paragraph 26 of the complaint alleges that time plus one-half at a regular wage of fifteen dollars ($15.00) an hour results in an overtime wage of twenty-one dollars and fifty cents ($21.50). As fifteen dollars ($15.00) plus seven dollars and fifty cents ($7.50) yields a sum of twenty-two dollars and fifty cents ($22.50), it appears that the plaintiffs made an erroneous calculation in this paragraph.

During the first sixteen weeks of his employment, Barrionuevo's regular payday was Friday. (Compl. ¶ 31). His wages were paid in cash, and were not accompanied by an itemized statement showing the date of payment, gross wages paid, deductions from and additions to wages, net wages paid, or hours worked during the pay period. (*Id.*). During the last four weeks of his employment, defendants did not pay Barrionuevo any wages. (Compl. ¶ 32). Over the entire course of his employment, defendants did not pay Barrionuvo overtime wages, equal to time and one half (½) of his regular rate, for hours he worked in excess of forty (40) during each work week. (Compl. ¶ 33). Defendants have not paid Barrionuevo all the wages he is owed, including minimum and overtime wages, for hours worked while he was employed by defendants. (Compl. ¶ 34). Between February and April 2007 Barrionuevo contacted defendants multiple times by telephone and in person to demand payment of his wages. (Compl. ¶ 37). Although Tito Vallejos initially agreed to pay the wages owed, he later refused. (*Id.*). Since May 2007 Tito Vallejos has not returned any of Barrionuevo's telephone calls. (*Id.*).

Plaintiffs claim that in performing their duties on defendants' behalf, they were engaged in commerce or the production of goods for commerce. (Compl. ¶ 35). They also assert that defendants' acts and omissions are willful, in bad faith, and caused significant monetary damages to each of them. (Compl. ¶ 36).

Plaintiffs claim that defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and breached their employment contracts. Plaintiffs claim that they are entitled to their unpaid minimum wages and overtime wages, and an equal amount in liquidated damages, plus

8

their costs.[4] (Compl., Prayer for Relief).  Lizarzu seeks a total of $4,925.00, comprised of

$2,462.50 in minimum wages and overtime wages owed, plus an additional $2,462.50 in

liquidated damages.[5] (Lizarzu Decl., Ex. 1A).  Barrionuevo seeks a total of $6,351.00,

comprised of $3,175.50 in minimum wages and overtime wages owed, plus an additional

$3,175.50 in liquidated damages.[6] (Barrionuevo Decl., Ex. 1B).

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default

judgment when "a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend."  Based on each defendant's failure to file a responsive pleading in a

timely manner, the Clerk has entered default.  (Docket nos. 22, 41).

A defendant in default admits the factual allegations in the complaint.  *See* Fed. R. Civ.

P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a

responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe*

*Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts

alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as

---

[4] In their complaint, plaintiffs also seek an award of attorney's fees.  In their motion for default judgment (Docket no. 43) plaintiffs' counsel indicate that they are handling this matter on a *pro bono* basis and are not seeking an award of attorney's fees.

[5] The Lizarzu Declaration attached to the pending motion for default judgment asserts that Lizarzu seeks a total of $13,248.00 in unpaid wages and liquidated damages.  That is the amount alleged in the original motion for default judgment (Docket no. 23).  Lizarzu subsequently filed an amended declaration reducing the amount sought to $4,925.00 (Docket no. 28).  While the declaration uses the greater amount, the exhibit to the declaration uses the lesser, and counsel confirmed at the hearing on the motion for default judgment (Docket no. 43) that Lizarzu was seeking the $4,925.00 amount.

[6] See footnote 5.  Barrionuevo seeks $21,538.00 in his declaration versus $6,351.00 in the exhibit to that declaration, the latter is the true amount sought.

9

alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiffs state that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 216(b). (Compl. ¶ 13). In addition, plaintiffs claim that this Court has supplemental jurisdiction over their state law claims under 28 U.S.C. § 1367 because those claims arise from a common set of operative facts and form part of the same case or controversy. (Compl. ¶ 14). The FLSA provides that any action to recover unpaid minimum or overtime wages, and for liquidated damages, may be maintained "in any Federal or State court of competent jurisdiction." In turn, 28 U.S.C. § 1331 provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Finally, 28 U.S.C. § 1337 provides that the district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. Since this action arises from a law of the United States, the FLSA, and further arises from an Act of Congress regulating commerce, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. Since plaintiffs' state law claim arises from the same set of operative facts, and forms part of the same case or controversy, this Court has supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367.

This Court also has personal jurisdiction over the defendants. As stated in the complaint, and elaborated upon in the plaintiffs' motion for default judgment (Docket no. 43), the Individual Defendants are citizens of Virginia. (Compl. ¶¶ 5, 6). The Corporate Defendants are all corporations organized under the laws of Virginia, and doing business in Virginia. (Compl. ¶¶ 8-10). Further, a substantial part of the wrongful conduct alleged took place in Norfolk, Virginia, within this judicial district. (Compl. ¶¶ 15, 18, 28).

For these reasons, the undersigned magistrate judge recommends a finding that this Court has subject matter jurisdiction over this action, that the Court has personal jurisdiction over Tito Ricardo Vallejos, Roman Vallejos, RV Construction, LLC, R&V Contractor, LLC and TJ Brothers Construction, LLC, and that venue is proper in this Court.

<u>Service</u>

**Corporate Defendants**

Pursuant to Fed. R. Civ. P. 4(h), a corporation may be served in a judicial district of the United States in the manner prescribed in Rule 4(e)(1) for serving an individual. Rule 4(e)(1) provides that an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Plaintiffs attempted to serve RV Construction, LLC through its registered agent, Roman Vallejos. Those attempts were unsuccessful. (Docket no. 6, Colon Affid. ¶ 4)[7]. Pursuant to Va. Code Ann. § 13.1-1018, which provides for service upon a limited liability company, and Va. Code. Ann. § 12.1-19.1, which provides for service of process on the

---

[7] While a summons was returned executed as to each of the three Corporate Defendants. (Docket nos. 6-8), each summons was subsequently withdrawn as served improperly, and an alias summons issued.

Clerk of the State Corporation Commission ("SCC") as statutory agent, plaintiffs then served the Clerk of the SCC, who subsequently filed a certificate of compliance as to RV Construction, LLC on November 12, 2008. (Docket no. 18, Colon Affid. ¶¶ 5, 6).

Plaintiffs attempted to serve TJ Brothers Construction, LLC through its registered agent, Tito Vallejos. Those attempts were unsuccessful. (Docket no. 7, Colon Affid. ¶ 4). Pursuant to Va. Code Ann. § 13.1-1018, which provides for service upon a limited liability company, and Va. Code. Ann. § 12.1-19.1, which provides for service of process on the Clerk of the SCC as statutory agent, plaintiffs then served the Clerk of the SCC, who subsequently filed a certificate of compliance as to TJ Brothers Construction, LLC on November 12, 2008. (Docket no. 16, Colon Affid. ¶¶ 5, 6).

Plaintiffs also attempted to serve R&V Contractor, LLC through its registered agent, Tito Vallejos. Those attempts were unsuccessful. (Docket no. 8, Colon Affid. ¶ 4). Pursuant to Va. Code Ann. § 13.1-1018, which provides for service upon a limited liability company, and Va. Code. Ann. § 12.1-19.1, which provides for service of process on the Clerk of the SCC as statutory agent, plaintiffs then served the Clerk of the SCC, who subsequently filed a certificate of compliance as to R&V Contractor, LLC on November 12, 2008. (Docket no. 17, Colon Affid. ¶¶ 5-6).

Accordingly, the undersigned magistrate judge recommends a finding that RV Construction, LLC, TJ Brothers Construction, LLC and R&V Contractor, LLC were served properly with the summons and complaint through the Clerk of the SCC.

**Individual Defendants**

As discussed above, Rule 4(e)(1) provides for service on individuals; an individual may be served in a judicial district of the United States by following state law for serving a summons

12

in an action brought in courts of general jurisdiction in the state where the district court is located. Tito Vallejos was initially served on September 6, 2008 by leaving the summons and complaint with an adult individual at 25 Sandy Hook Rd., Berlin, MD, 21811. (Docket no. 13, Colon Affid. ¶ 2). In response to the Court's concern, several attempts were made to serve Tito Vallejos at 6926 Westlawn Drive, Falls Church, VA, 22042, his last known address. (Mot. Def. Jdgmt. p. 4, Exs. 9, 11) Those attempts at service were unsuccessful. (Docket no. 47, Colon Affid. ¶ 11). Plaintiffs then served Tito Vallejos through the Secretary of the Commonwealth, as authorized by Va. Code Ann. § 8.01-329, which allows such service when exercise of personal jurisdiction is authorized over the person, as discussed above. (Colon Affid. ¶ 12). Service upon the Secretary of the Commonwealth is deemed effective on the date the Secretary files a certificate of compliance with the court in which the action is pending. The Secretary of the Commonwealth filed a certificate of compliance as to Tito Vallejos on May 29, 2009. (Docket no. 36, Colon Affid. ¶ 13).

Roman Vallejos was initially served on September 6, 2008 by leaving the summons and complaint with an adult individual at 25 Sandy Hook Rd., Berlin, MD, 21811. (Docket no. 12, Colon Affid. ¶ 2). In response to the Court's concern, several attempts were made to serve Roman Vallejos at 3221 Holly Hill Drive, Falls Church, VA, 22042, his last known address. (Mot. Def. Jdgmt. p. 4, Ex. 10). Those attempts at service were unsuccessful. (Docket no. 46, Colon Affid. ¶ 11). Plaintiffs then served Roman Vallejos through the Secretary of the Commonwealth, as authorized by Va. Code Ann. § 8.01-329, which allows such service when exercise of personal jurisdiction is authorized over the person, as discussed above. (Colon Affid. ¶ 12). Service upon the Secretary of the Commonwealth is deemed effective on the date the Secretary files a certificate of compliance with the court in which the action is pending. The

13

Secretary of the Commonwealth filed a certificate of compliance as to Roman Vallejos on May 29, 2009.  (Docket no. 37, Colon Affid. ¶ 13).

Accordingly, the undersigned magistrate judge recommends a finding that Tito Vallejos and Roman Vallejos were served properly with the summons and complaint through the Secretary of the Commonwealth.

**Grounds for Entry of Default**

Under Fed. R. Civ. P. 12(a), responsive pleadings were due from the Corporate Defendants on December 2, 2008.  Responsive pleadings were due from the Individual Defendants on June 18, 2009.  No responsive pleading was filed by any of the Corporate or Individual Defendants in a timely manner.  On January 8, 2009 plaintiffs filed their request for entry of default as to the Corporate Defendants with a supporting affidavit.  (Docket no. 21). The Clerk of the Court entered a default as to the Corporate Defendants on January 9, 2009. (Docket no. 22).  On July 9, 2009 plaintiffs filed their request for entry of default as to the Individual Defendants with a supporting affidavit.  (Docket no. 38).  The Clerk of the Court entered a default on July 22, 2009.  (Docket no. 41).  The currently pending motion for default judgment as to all defendants and the notice of hearing were filed on July 27, 2009 and they were served on each defendant by mail on July 27, 2009 (Docket no. 44).

Based on the above, the undersigned magistrate judge recommends a finding that each defendant was served properly, that each defendant failed to file a responsive pleading in a timely manner and that the Clerk properly entered a default as to RV Construction, LLC, TJ Brothers Construction, LLC , R&V Contractor, LLC, Tito Vallejos and Roman Vallejos.

## Liability and Measure of Damages

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because each defendant failed to file a responsive pleading and each is in default, they admit the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, defendants have violated certain provisions of the FLSA, 29 U.S.C. §§ 206 and 207, and have breached their employment contracts with plaintiffs. Defendants are required by the FLSA to compensate each employee at a minimum wage for each hour worked. 29 U.S.C. § 206(a). In addition, for each hour worked in excess of forty (40) worked during any given work week, the FLSA guarantees an employee overtime pay at a rate not less than one and one-half (1-1/2) times the employee's regular rate of pay. 29 U.S.C. § 207(a). The motion for default judgment seeks a judgment in the amount of plaintiffs' unpaid minimum and overtime wages, an equal amount of liquidated damages and the costs of this action.

The facts set forth in the complaint and the declaration from Bernardino Suarez Lizarzu establish that Lizarzu was employed by Tito Vallejos, Roman Vallejos, TJ Brothers Construction, LLC, R&V Contractor, LLC and RV Construction, LLC as a laborer performing construction work in Virginia from October 2006 through December 22, 2006. (Compl. ¶ 16, Lizarzu Decl. ¶ 2). Defendants hired Lizarzu to perform construction work at a rate of fourteen dollars ($14.00) per hour worked. (Compl. ¶ 16, Lizarzu Decl. ¶ 3). Lizarzu received no wages at all for work performed during the weeks ending December 8, 2006, December 15, 2006, and December 22, 2006. (Lizarzu Decl. ¶ 5). Lizarzu received no overtime wages during the period of his employment with defendants. (Compl. ¶ 23, Lizarzu Decl. ¶ 6). As shown in Exhibit 1A to the Lizarzu declaration filed on July 27, 2009, he worked 55.5 hours a week for 11 weeks.

15

For the first eight weeks he was paid his normal hourly rate of $14.00 for each of the 55.5 hours he worked but was not paid any additional amounts for his overtime during those weeks. He is seeking an award of an additional $7.00 an hour for the 15.5 hours of overtime worked during those eight weeks, or $108.50 per week for overtime wages. For the three weeks in which he was not paid for any of the work he performed, he is seeking a payment of a minimum wage ($5.15 at the relevant time) for the first 40 hours, for a total of $206.00, and overtime wages of $21.00 an hour for the 15.5 hours of overtime worked each week, totaling $323.50 per week. In summary, he is seeking an award of minimum wages for his last three weeks of work totaling $618.00, overtime wages of $1,844.50 for the eleven weeks he worked overtime but was not paid overtime wages and liquidated damages of $2,462.50 (an amount equal to the unpaid minimum and overtime wages) for a total amount of $4,925.00.

The facts set forth in the complaint and the declaration from Valeriano Barrionuevo establish that Barrionuevo was employed by Tito Vallejos, Roman Vallejos, TJ Brothers Construction, LLC, R&V Contractor, LLC and RV Construction, LLC as a laborer performing construction work in Virginia from October 2006 through February 2, 2007. (Compl. ¶ 28, Barrionuevo Decl. ¶ 2). Defendants hired Barrionuevo to perform construction work at a rate of fifteen dollars ($15.00) per hour worked. (Compl. ¶ 26, Barrionuevo Decl. ¶ 3). Barrionuevo received no wages at all for work performed during the weeks ending January 12, 2007, January 19, 2007, January 26, 2007 and February 2, 2007. (Barrionuevo Decl. ¶ 5). Barrionuevo received no overtime wages during the period of his employment with defendants. (Compl. ¶ 33, Lizarzu Decl. ¶ 6). As shown in Exhibit 1B to the Barrionuevo declaration filed on July 27, 2009, he worked 55.5 hours a week for 17 weeks. For the first thirteen weeks he was paid his normal hourly rate of $15.00 for each of the 55.5 hours he worked but was not paid any

16

additional amounts for his overtime during those weeks. He is seeking an award of an additional $7.50 an hour for the 15.5 hours of overtime worked during those thirteen weeks, or $116.25 per week for overtime wages. For the four weeks in which he was not paid for any of the work he performed, he is seeking a payment of a minimum wage ($5.15 at the relevant time) for the first 40 hours, for a total of $206.00 per week, and overtime wages of $22.50 an hour for the 15.5 hours of overtime worked each week, totaling $348.75 per week. In summary, he is seeking an award of minimum wages for his last four weeks of work totaling $824.00, overtime wages of $2,906.25 for the seventeen weeks he worked overtime but was not paid overtime wages and liquidated damages of $3,175.50 (an amount equal to the unpaid minimum and overtime wages) for a total amount of $6,351.00.

For these reasons the undersigned magistrate judge recommends that a default judgment be entered in favor of Bernardino Suarez Lizarzu against Tito Vallejos, Roman Vallejos, TJ Brothers Construction, LLC, R&V Contractor, LLC and RV Construction, LLC in the amount of $4,925.00, comprised of $2,462.50 in unpaid minimum and overtime wages and $2,462.50 in liquidated damages.

The undersigned magistrate judge also recommends that a default judgment be entered in favor of Valeriano Barrionuevo against Tito Vallejos, Roman Vallejos, TJ Brothers Construction, LLC, R&V Contractor, LLC and RV Construction, LLC in the amount of $6,351.00, comprised of $3,175.50 in unpaid minimum and overtime wages and $3,175.50 in liquidated damages.

In the event a judgment is entered in favor of the plaintiffs, plaintiffs shall be entitled to an award of their costs pursuant to 28 U.S.C. § 1920, including the filing fee of $350.00 and the fees and costs incurred in serving the defendants upon a filing of a bill of costs.

17

<u>Notice</u>

By means of the Court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to the defendants the parties are notified that objections to this proposed findings of fact and recommendations must be filed within ten (10) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

The Clerk is hereby directed to mail a copy of this proposed findings of fact and recommendations to Tito Vallejos, R&V Contractor, LLC and TJ Brothers Construction, LLC at 6926 Westlawn Drive, Falls Church, VA, 22042, and to Roman Vallejos and RV Construction, LLC at 3221 Holly Hill Drive, Falls Church, VA, 22042, and to Tito Vallejos and Roman Vallejos at 25 Sandyhook Road, Berlin, MD, 21811.

ENTERED this **31 st** day of August, 2009.

_____/s/_____
John F. Anderson
United States Magistrate Judge
United States Magistrate Judge

Alexandria, Virginia